UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS GILLUM | CIVIL ACTION |
| VERSUS | |
| ICF EMERGENCY MANAGEMENT SERVICES, L.L.C. | NO. 08-314-C-M2 |

## RULING & ORDER

This matter is before the Court on the Motion to Compel Discovery and Initial Disclosures (R. Doc. 21) filed by defendant, ICF Emergency Management Services, L.L.C. ("ICF"). Plaintiff, Thomas Gillum ("Gillum"), has filed an opposition (R. Doc. 24) to this motion, in response to which ICF has filed a reply memorandum (R. Doc. 29).

## FACTS & PROCEDURAL BACKGROUND

Gillum filed this suit against ICF on May 12, 2008, asserting discrimination based upon his age with respect to his allegedly disparate salary under the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*, retaliation/reprisal under the Louisiana whistle-blowing statute, La. R.S. 23:867; discrimination under Title VII, 42 U.S.C. §2000e, *et seq.*; violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Louisiana Wage Act, La. R.S. 23:630, *et seq.*, and violations of La. C.C. art. 2315 for intentional infliction of emotional distress and abuse of rights. As a result of ICF's alleged conduct, Gillum contends that he is entitled to compensatory and punitive damages, liquidated damages, lost wages and benefits, attorney's fees, and costs.

On September 30, 2008, Gilllum submitted his Rule 26 Initial Disclosures to ICF, wherein he indicated that the amount of his alleged damages was "presently unknown."

1

*See*, Exhibit A to ICF's motion. On October 17, 2008, ICF propounded its first set of interrogatories to Gillum. In Interrogatory No. 3, ICF requested that Gillum provide it with a specific computation of each category of damages he claims, showing each element and how it was computed. *See*, Exhibit B to ICF's motion. Gillum responded to ICF's interrogatories on December 19, 2008. In response to Interrogatory No. 3, Gillum responded as follows:

> Plaintiff has not yet made this determination. However, plaintiff seeks back and front pay. Plaintiff also seeks compensatory, punitive/liquidated damages to be determined, attorney['] s fees, litigation expenses and interest on all sums. Also see below:
>
> Overtime hours through ICF (not claimed) - I was instructed to list only 8 hours per day, 40 hours per week.
>
> Income over stated by Relocation Department for amount (for which I did not use their services) thus had an impact on yearly taxes (income overstated by over $5,000 (account was charged even after I left the company).
>
> Difference in salary for which I was told was the highest a rehab technician would be paid ($50,000).
>
> Relocation compensation (which was not used). If temporary housing was counted as relocation, I could have saved the company by finding my own housing.
>
> Term of employment (I was told the program would take at least 3 years to implement, but that the Rehab Specialists would be needed for probably 10 years to oversee correct construction techniques thus finalizing funding commitments that participants would enter into. Because of this I was willing to relocate my family to Louisiana, until I found out the offer was not what it seemed).

*See*, Exhibit C to ICF's motion.

On January 12, 2009, ICF's counsel sent a letter to Gillum's counsel requesting that

Gillum supplement various responses to ICF's discovery requests. *See*, R. Doc. 19-3. According to ICF's present motion, Gillum's response to Interrogatory No. 3 is deficient because it does not provide a *computation* of his damages, the elements of the computation, or how the computation was made. On January 30, 2009, a telephone status conference was held in this matter, at which time Gillum's counsel agreed to supplement plaintiff's discovery responses, including his response to Interrogatory No. 3.

On February 18, 2009, ICF's counsel wrote Gillum's counsel again, reminding her that nearly three (3) weeks had passed since the telephone conference with the Court, and plaintiff's counsel still had not supplemented plaintiff's discovery responses as represented to the Court. *See*, R. Doc. 19-4. A Rule 37 conference concerning the disputed discovery responses was conducted on February 25, 2009, at which time Gillum's counsel agreed to produce full and complete discovery responses no later than March 6, 2009. *See*, R. Doc. 19-5. Gillum supplemented his response to Interrogatory No. 1 on March 6th, as agreed. He subsequently supplemented his responses to Interrogatory Nos. 5 and 6 on March 9th. *See*, Exhibit D to ICF's motion. He did not, however, supplement his response to Interrogatory No. 3. ICF therefore filed the present motion on March 16, 2009.

In its motion, ICF explains that, through the course of discovery in this matter, it has produced "extensive documentation" to Gillum with which he could calculate his damages in this case, including his payroll records and timesheets, salary information pertaining to individuals who held the same position as plaintiff, and personnel and relocation benefits files. It appears, however, that Gillum's personnel and relocation benefits files (documents which were responsive to Gillum's Request for Production No. 2 propounded to ICF in

3

October 2008[1] and which, according to Gillum, are necessary to formulating a computation of his damages in this matter) were not actually produced to Gillum until March 3, 2009, nine (9) working days before ICF filed its present motion to compel.[2] Through its motion, ICF seeks to have the Court compel Gillum to supplement his response to its Interrogatory No. 3 and to comply with his obligations under Fed. R. Civ. P. 26(a)(1)(A)(iii) by providing a computation of each category of his damages claim. ICF also seeks an award of the reasonable attorney's fees and costs it incurred in bringing this motion.

## **LAW & ANALYSIS**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), except as exempted by Rule 26(a)(1)(B), or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26 also permits parties to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or request "in a timely

---

[1] In plaintiff's Request for Production No. 2, propounded on October 2, 2008, Gillum requested "[a] copy of [his] personnel file, including all wage information, documents signed by him and any documents in [ICF's] possession relating to plaintiff's employment with [ICF]." *See*, Exhibit B to Gillum's opposition.

[2] ICF produced Gillum's payroll records and timesheets, salary information pertaining to individuals who held the same position as plaintiff, and other information that could be used to calculate his damages through a set of unsigned discovery responses propounded in November 2008. *See*, Exhibit E to ICF's motion. It did not, however, produce Gillum's personnel file and relocation benefits file until it produced its supplemental answers to plaintiff's discovery requests on March 3, 2009. *See*, Exhibit F to ICF's motion.

4

manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1). Finally, Rule 37(a)(3)(A) and (B) authorizes a party to move for an order compelling a disclosure or response to an interrogatory under Rule 33 when the responding party fails to provide full and complete responses or disclosures.  Fed. R. Civ. P. 37(a)(3)(A) and (B).

As mentioned above, Gillum is seeking various forms of damages in this case, including compensatory and punitive damages, liquidated damages, and lost wages and benefits (*i.e.*, back pay, front pay, overtime pay, and relocation benefits).  As a result, he is required, under Rule 26(a)(1)(A)(iii), to produce not only his method for calculating his alleged damages but also an actual computation of his damages.  *Luna v. Del Monte Fresh Produce (Southeast), Inc.*, 2007 WL 1500269 (N.D.Ga. 2007).  The Court agrees with ICF that Gillum has not done so thus far and that Gillum's response to ICF's Interrogatory No. 3 contains only vague assertions of damages that do not fulfill his obligation under Rule 26(a)(1)(A)(iii). Nevertheless, the Court notes that Gillum's failure to do so appears to have been a result, at least in part, of ICF's failure to provide him (and, thus, his expert, who would likely be the one to prepare the damage computations in any event)[3] with all of the information needed to make such computations.  Moreover, for some forms of damages claimed by Gillum, such as lost wages, ICF is capable of making those computations on its own based upon information within its possession or control.  As such, Gillum will be

---

[3] Although the information requested by ICF concerning Gillum's damage computations would typically be provided through an expert report, Gillum has not asserted any argument in his opposition indicating that he is unable to produce such information until his expert report is completed.  Instead, he simply contends that he has been unable to produce the requested computations thus far because of ICF's failure to provide him with all of the necessary information for making his damage calculations.

ordered to clarify his response to ICF's Interrogatory No. 3 by providing a computation of his claimed damages (other than his lost wages which can be calculated by ICF as easily as plaintiff) and a description of the method used to calculate his damages within twenty (20) days of this Ruling.

The Court declines, however, to award attorney's fees to ICF relative to its motion because of the issue of whether or not Gillum had all of the information necessary to prepare his damages calculations at the time his initial disclosures and discovery responses were prepared. Fed. R. Civ. P. 26 only requires the party making the disclosure to disclose that "information reasonably available to it."[4]  Gillum contends that he was in need of his personnel records and his relocation benefits files in order to prepare his damage calculations and that such information was not produced by ICF until March 3, 2009, just nine (9) working days before ICF filed the present motion to compel.  Even though Gillum should have informed ICF earlier that he needed that information to make his calculations and he should have followed up with ICF concerning its failure to timely

---

[4] *See, Burrell v. Crown Cent. Petroleum, Inc.*, 177 F.R.D. 376 (E.D.Tex. 1997)(Pursuant to an employer's discovery request, employees were required to provide their employer with a "meaningful computation" of their claims for lost wages or future wages damages in a class action alleging Title VII and §1981 claims, where the employer had provided the employees with the necessary documents to make such computations following initial disclosures); *Henry's Marine Service, Inc. v. Fireman's Fund Ins. Co.*, 2004 WL 307627 (E.D.La. 2004)(The plaintiff identified the categories of expenses that made up its damage computation in its initial disclosures and indicated that it could not provide an exact amount of damages at that time because two of the three underlying state suits upon which it was incurring indemnity obligations were still ongoing, and the indemnitee had not yet sent the plaintiff the documents to establish the amount of indemnity or defense costs.  The court concluded that, although the plaintiff's initial disclosure response was "not perfect," it did not constitute a failure to disclose because Fed. R. Civ. P. 26 only requires the party making the disclosure to disclose that "information reasonably available to it").

submit a response to his Request for Production No. 2, which sought such information, the Court does not find that Gillum's failure to do so is sufficient to warrant an award of attorney's fees herein, considering that ICF was also delinquent in failing to timely produce that information in response to Gillum's discovery request.  Furthermore, according to Gillum's own deposition testimony in this matter, which was taken on March 17, 2009, certain health issues he has experienced (including a transient ischemic attack (TIA) and a knee injury) have negatively impacted his ability to respond to discovery in this matter.[5] As such, his failure to follow up with ICF concerning the information needed to prepare his damages calculations and to promptly supplement his response to ICF's Interrogatory No. 3 within nine (9) working days of receiving all of the necessary information is considered substantially justified, and under the circumstances, an award of fees and expenses to ICF would be unjust.[6] [7]

---

[5] During Gillum's deposition, the following exchange occurred:

> Q. We had forwarded you some Discovery Requests over the course of this litigation from opposing counsel for you to review and answer.  Did your health, meaning the TIA, the knee injury, did any of that play any role in your ability to respond to us with the answers in a timely fashion?
>
> A. Oh, yes, yes.  And I apologize for that.

See, Deposition of Gillum, Exhibit D to plaintiff's opposition, pp. 308-309.  ICF indicates in its reply memorandum that such "health issue" began in September 2008, which was around the time that Gillum submitted his initial disclosures and before ICF even propounded its discovery requests to him.

[6] Fed. R. Civ. P. 37(a)(5) provides that, if a motion to compel is granted – or if the disclosure or requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the

Accordingly;

**IT IS ORDERED** that the Motion to Compel Discovery and Initial Disclosures (R. Doc. 21) filed by defendant, ICF Emergency Management Services, L.L.C., is hereby **GRANTED IN PART**, in that plaintiff, Thomas Gillum, shall clarify his response to ICF's Interrogatory No. 3 by providing a computation of his claimed damages (other than his lost wages) and a description of the method used to calculate his damages, within twenty (20) days of this Order and **DENIED IN PART**, as to defendant's request for an award of the attorney's fees and costs that it incurred in bringing the present motion.

Signed in chambers in Baton Rouge, Louisiana, May 21, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

movant's reasonable expenses incurred in making the motion, including attorney's fees, unless:  (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).

[7] The Court agrees with Gillum that his counsel's alleged failure to participate in discovery in other related cases is irrelevant to the present discovery dispute and is not a reason to impose sanctions in this matter.